USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
            :
BOSHRA FARID YOUSSEF BERSOUM, et al., :
            Plaintiffs, :
            : 16 Civ. 987 (LGS)
       -against- :
            : **OPINION AND ORDER**
MUSTAFA T.A. ABOTAETA, et al., :
            Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs are sixty-eight Egyptian citizens who bring this action against Defendants Mustafa T.A. Abotaeta, Colonel A. Mohamed Al Mismari and Al-Mahdi Hassan Muftah Allabad for alleged violations of the Alien Tort Claims Act, also known as the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the Torture Victim Protection Act of 1991 ("TVPA"), 28 U.S.C. § 1350 note. Plaintiffs now seek an entry of default judgment against Defendants. For the following reasons, Plaintiffs' application for default judgment is denied, and the case is dismissed for lack of jurisdiction.

## I. BACKGROUND

### A. Factual Background

      The following facts are taken from Plaintiffs' Complaint and are accepted as true for the purposes of this Opinion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

      Plaintiffs are Egyptian citizens who legally resided and worked in Libya at all relevant times. Defendant Abotaeta is a Libyan citizen and resident who serves as Fourth Deputy Prime Minister and Head of Authorities (Defense, Interior). Defendant Al-Mismari is a Libyan citizen and resident who served as Chief of Staff of the Libyan National Army from January 2013 to July 2013. Defendant Allabad is a Libyan citizen and resident who serves as First Deputy Prime

Minister and Head of Security Affairs. At all relevant times, Defendants possessed and exercised command and control over the Libyan paramilitary group Ansar al-Sharia, which was previously blamed for the attack on the United States Consulate in Benghazi, Libya in September 2012. Under Defendants' leadership, the Libyan Defense Ministry provided Ansar al-Sharia with funding, arms and "semi-official authority to conduct its paramilitary activities."

Between January 2013 and July 2013, Defendants and other Libyan government officials "caused the extrajudicial and arbitrary arrest and imprisonment" of Plaintiffs, "subjected them to torture and then deported them to Egypt." While Plaintiffs were detained, Defendants and "individuals acting under the authority of the Libyan government" threatened Plaintiffs with rape, electrocution and castration; assaulted them; denied them access to potentially life-saving prescription medication and fed Plaintiffs insufficient and substandard food, among other alleged tortious acts.

Though Defendants knew or should have known that Ansar al-Sharia "participated in the abductions and torture" of Plaintiffs, Defendants "continued to support" its activities until at least September 2013.

### B. Procedural History

On February 11, 2016, Plaintiffs filed a Complaint in this Court, seeking redress under the ATS and TVPA. Plaintiffs allege that they could not pursue legal remedies in Libya as (1) they were deported to Egypt immediately after their detention, (2) there are no adequate and available remedies for them to exhaust in Libya and (3) "mounting tensions between Egypt and Libya following [P]laintiffs' deportation to Egypt have led to border closures and diminishing security which has prevented [P]laintiffs . . . from entering Libya to seek . . . redress in the Libyan courts."

Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (permitting any non-party to make service), Plaintiffs had the Clerk of Court for the Southern District of New York mail a copy of the Summons and Complaint to each Defendant in Libya. Plaintiffs never filed proof of service on the docket, and Defendants have not appeared in this action. On January 11, 2017, Plaintiffs filed an application for default judgment against Defendants.

## II. STANDARD

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alteration in original) (citation omitted). "[A]s a general matter, a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative & Sec. Servs. Ltd.* 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (citing *Finkel*, 577 F.3d at 84). "Accordingly, a court must consider whether the complaint alleges enough facts to state a claim to relief that is plausible on its face, and find it lacking where the complaint tenders naked assertions devoid of further factual enhancement." *TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, No. 16 Civ. 8722, 2017 WL 2627912, at *1 (S.D.N.Y. June 16, 2017) (citation omitted).

Before a court grants a motion for default judgment, the court must also assure itself that it has subject matter jurisdiction over the action, *see Mickalis*, 645 F.3d at 125–26, and "may . . . assure itself that it has personal jurisdiction over the defendant." *Id.* at 133 (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)).

## III. DISCUSSION

### A. Alien Tort Statute

Plaintiffs' motion for default judgment on the ATS claim is denied because the Court lacks subject matter jurisdiction over the claim. *See id.* at 125–26 ("Federal courts have an independent obligation to inquire into the existence of subject-matter jurisdiction."). The ATS provides "original jurisdiction" in the federal district courts over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. However, the ATS does not provide jurisdiction over claims brought "for violations of the law of nations occurring outside [of] the United States." *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 49 (2d Cir. 2014) (quoting *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1669 (2013)); *see also In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 154 (2d Cir. 2015), *as amended* (Dec. 17, 2015), *cert. granted sub nom. Jesner v. Arab Bank, PLC*, 137 S. Ct. 1432 (2017) ("[I]f . . . the ATS suit is premised on conduct outside the United States that does not sufficiently touch and concern the territory of the United States, . . . the federal court in which the suit was brought lacks jurisdiction.") (citing *Kiobel*, *supra*); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 179 (2d Cir. 2014) (court lacks subject matter jurisdiction over ATS claim where claim is "barred" by "presumption against extraterritoriality").

As all relevant conduct in Plaintiffs' Complaint occurred in Libya, the Court lacks jurisdiction over Plaintiffs' ATS claim, and the claim is dismissed. *See, e.g.*, *Chowdhury*, 746 F.3d at 49 (reversing judgment for plaintiff where all relevant conduct in plaintiff's complaint occurred in Bangladesh).

B. **Torture Victim Protection Act of 1991**

Plaintiffs' motion for default judgment on the TVPA claim is denied because the Court lacks personal jurisdiction over Defendants. *See Sinoying*, 619 F.3d at 213 (where defendants have not appeared in case, district court may dismiss case *sua sponte* for lack of personal jurisdiction). "To exercise personal jurisdiction lawfully, three requirements must be met. First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective[.] Third, the exercise of personal jurisdiction must comport with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). Plaintiffs fail to satisfy any of these requirements.

1. **Service of Process**

First, Plaintiffs have not established that their service of process on Defendants was procedurally proper. *See Waldman*, 835 F.3d at 327. "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Service made outside of the United States pursuant to Rule 4(f)(2) "must be proved . . . by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2). Here, nothing suggests that service was waived, and though Plaintiffs had the Clerk of Court mail a copy of the Summons and Complaint to each Defendant under Rule 4(f)(2), Plaintiffs did not file proof of service on the docket. Where a plaintiff has offered no proof that the summons and complaint were properly served, a default judgment cannot issue. *See Dauphinais v. Cunningham*, 395 F. App'x 745, 746 (2d Cir. 2010) (summary order) (no abuse of discretion in denial of motion for entry of default judgment where plaintiff did not file proof of service of summons and complaint); *Lliviganay v. Cipriani 110 LLC*, No. 09 Civ. 737,

2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (failure to file proof of service is an "independent obstacle" to default judgment).

### 2. Statutory Basis for Personal Jurisdiction

Plaintiffs cannot establish a statutory basis for personal jurisdiction. Unless a federal statute directs otherwise and "subject to limitations imposed by the United States Constitution, [courts] look to the law of the forum state to determine whether a federal district court has personal jurisdiction . . . ." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). New York law provides two bases for personal jurisdiction: general (or all-purpose) jurisdiction pursuant to CPLR § 301 and specific (or case-linked) jurisdiction under CPLR § 302. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 n.9 (2d Cir. 2012).

"Under the New York courts' interpretation of section 301, a non-domiciliary subjects h[im]self to personal jurisdiction in New York with respect to *any* cause of action if [he] is engaged in such a continuous and systematic course of doing business here as to warrant a finding of [his] presence in this jurisdiction." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citation omitted). As the Complaint does not allege that the Defendants had any contact with New York, much less continuous and systematic contact, there is no general personal jurisdiction over Defendants in New York. *See id.*

New York law confers specific jurisdiction over a non-domiciliary who (1) "transacts any business within the state," (2) "commits a tortious act within the state," (3) "commits a tortious act without the state causing injury to person or property within the state" under certain circumstances or (4) "owns, uses or possesses any real property situated within the state." CPLR § 302(a). The Complaint does not allege that Defendants transacted any business in New York, committed any tortious acts in or affecting New York or that Defendants own, use or possess real

6

property in New York. Consequently, there is no specific personal jurisdiction over Defendants in New York either. *See Singh v. G.k.*, No. 15 Civ. 5372, 2016 WL 3181149, at *4–5 (S.D.N.Y. June 2, 2016) (dismissing TVPA claim for lack of personal jurisdiction where all tortious acts alleged by plaintiffs took place in India, and complaint did not allege that defendants transacted any business in New York or owned, used or possessed real property in New York).

Where state jurisdictional statutes do not confer personal jurisdiction over foreign defendants, Federal Rule of Civil Procedure 4(k)(2) provides a third possible basis for establishing personal jurisdiction. *See In re Platinum and Palladium Antitrust Litig.*, No. 14 Civ. 9391, 2017 WL 1169626, at *40 (S.D.N.Y. Mar. 28, 2017). Rule 4(k)(2) establishes personal jurisdiction "where (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction is consistent with the United States Constitution and laws." *BMW of N. Am. LLC v. M/V Courage*, No. 16 Civ. 4063, 2017 WL 2223052, at *3 (S.D.N.Y. May 19, 2017) (citation omitted). As explained below, Plaintiffs cannot establish a statutory basis for personal jurisdiction under Rule 4(k)(2) because the exercise of such jurisdiction would be inconsistent with the Constitution's due process requirements.

### 3. Constitutional Due Process

Plaintiffs cannot establish that the exercise of personal jurisdiction in this case is consistent with the due process requirements of the Fourteenth Amendment. *See Brown*, 814 F.3d at 625. To determine whether a finding of personal jurisdiction is consistent with the Constitution's due process requirements, the Court undertakes a "minimum contacts" inquiry and a "reasonableness" inquiry. *Waldman*, 835 F.3d at 331 (citation omitted).

The minimum contacts inquiry requires the Court "to consider whether the defendant has

sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Licci*, 673 F.3d at 60 (citation omitted); *accord Waldman*, 835 F.3d at 331. In order to find general jurisdiction consistent with the Constitution's due process requirements, a party must have contacts in New York that are "so continuous and systematic as to render [it] essentially at home in the forum State." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (dismissing TVPA claim for lack of general personal jurisdiction); *accord Waldman*, 835 F.3d at 332 (noting that *Daimler*'s reasoning applies to general jurisdiction over individuals as well as corporations). Minimum contacts to support specific personal jurisdiction "depend[] on in-state activity *that gave rise to the episode-in-suit*." *Waldman*, 835 F.3d at 331 (citation omitted) (emphasis in original).

Here, Plaintiffs cannot establish minimum contacts with New York sufficient to justify the exercise of personal jurisdiction under the Constitution. The Complaint does not allege that Defendants have any contacts with New York, and thus cannot suggest that Defendants are "essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761. Likewise, the Complaint does not allege any facts to support a finding that any of the alleged tortious actions took place in New York. *See Waldman*, 835 F.3d at 331; *see also In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 665 (2d Cir. 2013) (court lacked personal jurisdiction over numerous defendants in ATS and TVPA case where plaintiffs "failed to plead facts sufficient to show that . . . defendants expressly aimed their allegedly tortious conduct at the United States").

Nor does the Complaint allege facts sufficient to support a finding that the exercise of personal jurisdiction under Rule 4(k)(2) is "consistent with the United States Constitution and [its] laws." Fed. R. Civ. P. 4(k)(2)(B); *see also BMW of N. Am. LLC*, 2017 WL 2223052, at *3 (citation omitted). To comply with the Constitution's due process requirement, a complaint

seeking to establish personal jurisdiction under Rule 4(k)(2) must allege facts showing that defendants had minimum contacts with the United States. *See In re Angeln GmBH & Co. KG*, 510 F. App'x 90, 91–92 (2d Cir. 2013) (summary order); *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127–28 (2d Cir. 2008). The only reference made in the Complaint that could even arguably tie Defendants to United States interests is an allegation that Defendants supported a military group that previously attacked a United States Consulate. This allegation is insufficient to show that Defendants "are at home" in the United States to supply the requisite minimum contacts for general jurisdiction, *see, e.g.*, *Daimler*, 134 S. Ct. at 761, and has nothing to do with the allegedly tortious conduct at issue in this case as might supply minimum contacts for specific jurisdiction, *see In re Terrorist Attacks*, 714 F.3d at 665, 675–81. Thus, the exercise of personal jurisdiction under Rule 4(k)(2) would be inconsistent with the Constitution.

As the Complaint does not satisfy any of the three requirements necessary to exercise personal jurisdiction over Defendants, the TVPA claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' application for entry of default judgment is DENIED, and the case is dismissed for lack of jurisdiction. The Clerk of Court is respectfully directed to close this case.

Dated: August 10, 2017
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE